UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JUAN CARLOS GRANADOS,

Petitioner,

v.

KEN CLARK,

Respondent.

Case No. CV 09-4459-AG (OP)

ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS CORPUS PETITION (28 U.S.C. § 2254) AS UNTIMELY

I.

**INTRODUCTION**

On June 22, 2009, Juan Carlos Granados ("Petitioner"), filed the current Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition"). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to summary dismissal because the information provided indicates that the Petition is untimely.

## II.

## PROCEDURAL HISTORY

On February 17, 1999, Petitioner was found guilty after a jury trial in the Los Angeles County Superior, case number BA166341, of two counts of attempted voluntary manslaughter (Cal. Penal Code §§ 664/192(a)), and one count of assault with a firearm with great bodily injury (Cal. Penal Code § 245(a)(2)). (Pet. at 2.) On May 12, 1999, Petitioner was sentenced to a total state prison term of fifteen years and six months. (Id., Ex. C.)

Petitioner appeal the judgment of conviction to the California Court of Appeal. On September 7, 2000, the court of appeal affirmed the conviction but remanded the matter for resentencing. (Id. at 3.)

Petitioner filed a petition for review in the California Supreme Court. On November 15, 2000, the supreme court denied the petition. (Id.)

On March 7, 2001, Petition was resentenced to a total state prison term of twenty-one years and two months. (Id. at 2, Ex. C.)

Petitioner did not seek further review in the court of appeal or the supreme court after his resentencing hearing. (Id. at 3; Official Records of California Courts.[1])

On May 21, 2007, Petitioner filed a habeas corpus petition in the Los Angeles County Superior Court which was denied the same day. (Id. at 4, Exs. E, F.)

On July 17, 2007, Petitioner filed a habeas corpus petition in the California

---

[1] The Court's independent review of the California State Courts' website does not reveal the filing of further direct review after Petitioner's resentencing hearing. The Court takes judicial notice of the state appellate court records, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

Court of Appeal. On November 26, 2007, the court of appeal issued an Order to Show Cause ("OSC") why relief should not be granted and remanded the matter back to the superior court for an evidentiary hearing. (Id., Ex. G.)

On May 27, 2008, the superior court held a hearing and denied habeas relief. (Id. Ex. H at 12.)

On July 23, 2008, Petitioner filed another habeas corpus petition in the California Court of Appeal which was denied on October 10, 2008. (Id. at 4-5, Exs. I, J.)

On November 3, 2008, Petitioner filed a habeas corpus petition in the California Supreme Court which was denied on April 29, 2009. (Id. at 5a, Exs. K, L.)

## III.

## DISCUSSION

### A. Standard of Review.

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false). Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the

petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond. Id.

**B. The Petition Was Not Filed Within the Limitation Period.**

The current Petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law and is, thus, subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[2] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On March 7, 2001, Petitioner was resentenced to a total state prison term of twenty-one years and two months. (Pet. at 2, Ex. C.) Petitioner did not seek further review in the court of appeal or the supreme court after his resentencing hearing. (Id. at 3; Official Records of California Courts.) As a result, Petitioner's conviction became final sixty days later, on date May 7, 2001. See Cal. R. Ct. 8.308(a) (formerly Cal. R. Ct. 30.1). Petitioner had until May 7, 2002, to file the current Petition. 28 U.S.C. § 2244(d)(1)(A); see also Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not file the current Petition until June 22, 2009, over seven years after the limitation period expired. Thus, absent applicable statutory tolling, equitable tolling, or an alternate start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the current Petition is untimely.

/ / /

/ / /

---

[2] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

**C. Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Patterson, 251 F.3d at 1247.

The United States Supreme Court has held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief. Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260 (2002). The period tolled includes the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-23).[3]

---

[3] The Court in Evans held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness. Id. at 198. That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

As set forth above, Petitioner's conviction became final on May 7, 2001, and the limitation period ended May 7, 2002. Statutory tolling is unavailable where, as here, Petitioner's first state habeas petition in the Los Angeles County Superior Court was not filed until May 21, 2007, over five years after the expiration of the limitation period. Section 2244(d) does not permit the reinitiation of the AEDPA limitation period that has ended before a state habeas petition is filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001). For the same reason, Petitioner is not entitled to statutory tolling for the remaining habeas petitions he filed in the California Court of Appeal and the California Supreme Court. Since Petitioner filed his state habeas petitions well after the AEDPA limitation expired, he may not avail himself of statutory tolling to render the current Petition timely. Thus, absent equitable tolling or an alternate start date for the statute of limitations, it appears that the current Petition is untimely.

**D. Equitable Tolling**

The one-year limitation period is subject to equitable tolling if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.[4] A petitioner bears the burden of alleging facts that would give rise to tolling. Id.

---

[4] The Supreme Court in Pace noted that it has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." Pace, 544 U.S. at 418 n.8. The Supreme Court declined to consider the issue in that case and assumed for the sake of argument that it did, because the respondent assumed as much, and the petitioner was not entitled to tolling under any standard. Id.

"[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts"). The face of the Petition does not set forth any facts showing that Petitioner is entitled to equitable tolling.

**E. Alternate Start of the Statute of Limitations**

**1. State-Created Impediment.**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. Lott, 304 F.3d at 925. The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

**2. Newly Recognized Constitutional Right.**

The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme

Court. 28 U.S.C. § 2244(d)(1)(C). The current Petition raises two claims, one based on an ineffective assistance of counsel and one based on Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). (Pet. at 5, Mem. P. & A.) The Ninth Circuit has recently held that Cunningham did not announce a new rule of constitutional law within the meaning of Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989),[5] and therefore, Cunningham could be applied retroactively on collateral review. Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008). In Butler, the Ninth Circuit concluded that the result in Cunningham was clearly dictated by the Supreme Court's Sixth Amendment case law, in particular by Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), which was decided before the conviction of the petitioner in Butler became final. Butler, 528 F.3d at 628.

Although Butler held that Cunningham applied the existing rules from Blakely, the current Petition is still untimely. The decision in Blakely was issued on June 24, 2004. Unlike the petitioner in Butler, Petitioner's conviction became final on May 7, 2001. Petitioner also did not file his first state habeas petition until May 21, 2007, nearly three years after the Blakely decision and over five years after the limitation period had expired. Thus, Butler is inapplicable to Petitioner's case.

Moreover, assuming Cunningham announced a right newly recognized by the Supreme Court, the right must not only be newly recognized, but must also be made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C). The Ninth Circuit has held that the rule in Apprendi is not retroactive to cases on collateral review. See Rees v. Hill, 286 F.3d 1103, 1104

---

[5] Under Teague, "old" rules of criminal procedure apply "both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." Whorton v. Bockting, 549 U.S. 406, 127 S. Ct. 1173, 1180, 167 L. Ed. 2d 1 (2007).

(9th Cir. 2002) (Apprendi does not apply retroactively). The Ninth Circuit has also held that Blakely is not retroactively applicable to cases on collateral review. See Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005) (concluding that Blakely does not apply retroactively to cases on § 2254 habeas review). Given that Cunningham applied the reasoning of Apprendi and Blakely to California's upper term sentencing scheme, it appears that the Supreme Court would likewise find that Cunningham does not apply retroactively. Thus, Petitioner cannot rely on Cunningham to bring this claim under 28 U.S.C. § 2244(d)(1)(C).

### 3. Discovery of Factual Predicate.

The AEDPA further provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

## IV.

## ORDER

Based upon the foregoing, the Court finds that the face of the Petition indicates that it is untimely. Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely by filing a response within thirty (30) days of the date of this Order. In the response to this Order to Show Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas petition was filed and shall, if possible, attach copies of any state petition (showing that it was filed) and copies of the state court's decision addressing each petition. All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents. Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their

consequences in a declaration signed by him under penalty of perjury. Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which Petitioner believes impeded his ability to timely file the current Petition.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED: July 8, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge